**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
WITOLD WRAGA, on behalf of himself and on
behalf of others similarly situated,

                        Plaintiffs,

            - against -

MARBLE LITE, INC., JACK KOBE and
YACOV SHITRIT,

                        Defendants.
-----------------------------------------------------------X

**MEMORANDUM & ORDER**

05-CV-5038 (JG) (RER)

RAMON E. REYES, JR., United States Magistrate Judge.

      Plaintiff Witold Wraga ("Wraga") filed this action pursuant to the Fair Labor Standards

Act ("FSLA"), 29 U.S.C. §§ 201, *et seq*., and the New York Minimum Wage Act (New York

State Labor Law Articles 6 and 19) ("NYMWA") to recover unpaid overtime compensation from

defendants.  Before the Court is plaintiff's motion for approval of an FSLA collective action

notice under 29 U.S.C. § 216(b).  Oral argument on the motion was held on August 14, 2006, at

which time the Court indicated its inclination to grant plaintiff's motion, and that a written

decision would follow.  This is that decision.

<u>Background</u>

      Wraga was employed by defendants from February 2002 through March 2005 as a laborer

and installer of marble and granite floors.  During this time Wraga's hourly wage increased from

$9 to $15.  Wraga claims that during this period defendants required that he work, on average,

ten overtime hours per week.  He claims, however, that he was never paid a proper overtime

wage for such work.  Wraga estimates that there are over forty employees who worked for

defendants over the past three years who were similarly required to work overtime, but who also were not paid properly for their overtime hours.

Discussion

A.    Leave to Circulate a Notice of Pendency

The FLSA was designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers," 29 U.S.C. § 202(a), and "guarantee[ ] compensation for all work or employment engaged in by employees covered by the Act," *Reich v. New York City Transit Auth.,* 45 F.3d 646, 648-49 (2d Cir.1995) (internal quotation omitted). The FLSA requires, *inter alia*, that employers pay overtime for "employment in excess of [40 hours per week] at a rate not less than one and one-half times the regular rate at which [each non-exempt employee] is employed." 29 U.S.C. § 207(a)(1).

An employee claiming that his employer has violated the FSLA's overtime provisions may bring a collective action "for and in behalf of himself . . . and other employees similarly situated." 29 U.S.C. § 216(b). Section 216(b) provides in part that:

> No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

*Id.* Thus, potential plaintiffs who wish to be bound by and benefit from the judgment must "opt in" to the collective action. *E.g., Patton v. Thomson Corporation*, 364 F. Supp. 2d 263, 266-67 (E.D.N.Y. 2005).

A district court may permit an opt-in notice to be sent to potential plaintiffs where the plaintiff bringing the suit has demonstrated that 'similarly situated" potential class members may

2

exist. *E.g., Hoffmann v. Sbarro,* 982 F. Supp. 249, 261 (S.D.N.Y. 1997).[1] A plaintiff may meet this burden "by making a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law." *Id.* at 261 (citing cases). "The burden on plaintiffs is not a stringent one, and the Court need only reach a preliminary determination that potential plaintiffs are similarly situated." *Id.; see also Young v. Cooper*, 229 F.R.D. 50, 55 (S.D.N.Y. 2005) (plaintiffs face "only a very limited burden ... for purposes of proceeding as a collective action."). To satisfy that burden, a named plaintiff need not show an actual violation of the FLSA, but merely that a "factual nexus" exists between his or her situation and the situation of other current and former employees. *Hoffman,* 982 F. Supp. at 262.

In light of the minimal nature of Wraga's burden on this motion, he has sufficiently demonstrated that an identifiable "factual nexus" exists between his situation and that of other potential class members. In his affidavit, as well as in the complaint, Wraga describes a policy by which defendants required their employees to work in excess of 40 hours per week without paying them overtime as required by the FLSA. Further, based on conversations he had with other employees, Wraga says that he is aware of at least 18 other laborers, installers, varnishers and tilers who performed the same or similar work as he, who were required by defendants to work in excess of 40 hours per week, but who were not paid overtime as part of the defendants' policy. Wraga describes conversations he observed between some of these employees and defendant Kobe in which the employees complained that they were not paid properly for their

---

[1] Significantly, the requirements of Fed.R.Civ.P. 23 do not apply to the approval of an FSLA collective action, and thus a named plaintiff need not make a showing of numerosity, typicality, commonality and adequate representation. *E.g., Patton*, 364 F. Supp. 2d at 267.

overtime hours. Wraga has even provided the names of seven such employees, all of whom appear on payroll records defendants have produced thus far in discovery, and one of whom was fired by Kobe for complaining about Kobe's failure to properly pay him for overtime work. Accordingly, the Court finds that allowing this case to proceed as a collective action is appropriate.

Defendants' contention that Wraga's affidavit is insufficient as a matter law to support his motion because it contains merely conclusory allegations is misplaced. Courts routinely grant such motions based upon employee affidavits setting forth a defendant's plan or scheme to not pay overtime compensation and identifying by name similarly situated employees. *See Gjurovich v. Emmanuel's Marketplace, Inc.*, 282 F. Supp. 2d 91, 96 (S.D.N.Y. 2003) (plaintiff established propriety of collective action notice by, *inter alia*, submitting declaration naming employees who were similarly situated); *see also Patton*, 364 F. Supp. 2d at 267; *Young*, 225 F.R.D. at 55. The cases upon which defendants rely, including but not limited to *H & R Block, Ltd. v. Housden*, 186 F.R.D. 399 (E.D. Tex. 1999), are inapposite as they all involved allegations that were far less than what Wraga has come forth with in this case. *E.g., H & R Block*, 399 F.R.D. at 400 (collective action denied in FLSA action where plaintiffs, *inter alia*, "failed to identify potential plaintiffs . . ."). At this stage of these proceedings, Wraga need do no more than he already has done, and a collective action notice should be issued.

B.      Wraga's Proposed Notice

In their opposition to Wraga's motion, defendants raised several objections to the contents of the proposed notice. The Court directed the parties to meet and confer regarding the defendants' objections and, if possible, submit on consent an acceptable notice by September 1,

2006. The Court did, however, raise its concern regarding plaintiff's proposal that the notice be sent to all employees who worked for defendants in the past six years. The Court permitted the parties to submit supplemental briefing on the issue. After review of that briefing, the Court determines that the notice should be sent to all employees who worked for defendants in the past six years.

The FLSA has a maximum three year statute of limitations period. *See* 29 U.S.C. § 255. Analogous claims under the NYMWA have a six year limitations period. *See* New York Labor Law § 198(3). There is, however, no analogous provision under the NYMWA for FSLA-type collective actions. *Foster v. The Food Emporium*, No. 99 Civ. 3860, 2000 WL 1737858, * 3 (S.D.N.Y. Apr. 6, 2000) (citing *Carter v. Frito-Lay, Inc.*, 74 A.D.2d 550, 425 N.Y.S.2d 115 (1st Dep't 1980)). Nevertheless, such claims can be certified as class action in federal court as part of a FSLA collective action. *E.g., Jankowski v. Castaldi*, 01-CV-0164 (SJF)(KAM), 2006 WL 118973, * 1 (E.D.N.Y. Jan. 13, 2006) (citing 28 U.S.C. § 1367(a).

Relying principally on two cases from the Southern District of New York, defendants argue that it would be "inappropriate" to send the FSLA collective action notice to employees who may only be potential members of the NYMWA class (*i.e*, those employees who may have only worked for defendants more than three years ago, and therefore whose FSLA claims are time-barred). *See Legrand v. Educ. Mgmt. Corp.*, No. 03 Civ. 9798, 2004 WL 1962076, *3 (S.D.N.Y. Sept. 2, 2004); *Foster v. The Food Emporium*, No. 99 Civ. 3860, 2000 WL 1737858, * 3 (S.D.N.Y. Apr. 6, 2000). This Court disagrees. Despite the holdings in *Legrand* and *Foster*, federal courts may, and often do, exercise supplemental jurisdiction over state labor law claims even when those employees' FSLA claims have been dismissed as time-barred. *E.g., Godlewska*

5

*v. HDA*, No. 03-CV-3985, 2006 WL 1422410, *9 (E.D.N.Y. May 18, 2006); *Chen v. Street Beat Sportswear, Inc.*, 364 F. Supp. 2d 269, 276 (E.D.N.Y. 2005); *Brzychanalski v. Unesco, Inc.*, 35 F. Supp. 2d 351, 353-54 (S.D.N.Y. 1999); *see also Ouedraogo v. Durso Associates, Inc.*, No.-CV-1851, 2006 WL 1423308, * 2 (S.D.N.Y. June 16, 2005) (discussion of supplemental jurisdiction in FSLA cases). Thus, it is wholly appropriate to order that the notice be sent to all employees who worked for defendants within the past six years.[2] Indeed, courts in this district and others routinely do so. *E.g., Glowacka v. Zablocki Industries, Inc.*, No. 05-CV-5878 (E.D.N.Y. ) (April 13, 2006 Order at 8-9); *Harrington v. Educ. Mgmt.* Corp., No. 02-CV-0787, 2002 WL 1343753, * 2 (S.D.N.Y. June 19, 2002); *Realite v. Ark Rest. Corp.*, 7 F. Supp. 2d 303, 308 n.4 (S.D.N.Y. 1998). Whether and to what extent those employees have valid FSLA or NYMWA claims, or both, or whether the NYMWA class is properly maintainable, will be resolved at a later date.

## Conclusion

For the foregoing reasons, Wraga's motion for approval of a collective action notice under the FSLA is granted. The parties are directed to submit to the Court a proposed notice which complies with the rulings contained herein no later than September 1, 2006,. The parties are further directed to submit a consent scheduling order no later than September 8, 2006.

Dated: Brooklyn, New York
      August 22, 2006

                                       /s/
                              RAMON E. REYES, JR.
                              United States Magistrate Judge

---

[2] The parties should model the notice in this case after the "Notice" and "Introduction" provisions used in the notice in *Drej v. Keystone Renovations Corp.*, 05-cv-5035 (E.D.N.Y.).